UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMON WILLIAMS,

Plaintiff,

v.

TROY LANGDON,

Defendant.

CASE NO. 2:25-cv-02360-JHC

ORDER

# I

## INTRODUCTION

This matter comes before the Court on Defendant Troy Langdon's motion to dismiss. Dkt. # 16. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. Being fully advised, for the reasons below, the Court DENIES the motion, GRANTS Plaintiff leave to amend the complaint or substitute the plaintiff as described below, and STAYS the case until July 13, 2026.

ORDER - 1

## II

### BACKGROUND

To resolve the present motion to dismiss, the Court accepts as true the following facts from the Complaint.  Dkt. # 1; *see Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

The parties' dispute features a tangled web of corporate entities.  Plaintiff, Damon Williams, is a citizen of Arizona, and Defendant, Troy Langdon, is a citizen of Washington. Dkt. # 1 ¶¶ 6–7.  The parties, both pro se, had a business relationship concerning an entity called Merge Well Ventures LLC (Merge Well), a Wyoming limited liability company formed in April 2023.  *Id*. ¶ 15.  Merge Well consists of three members: ReserveLink Capital LLC, BLOWDART LLC (controlled by Plaintiff); and Defendant Troy Langdon.  *Id*.  Mathematic Management LLC (Mathematic) is a Wyoming limited liability company controlled by Plaintiff. *Id*. ¶ 16.  Under Merge Well's Operating Agreement, Mathematic is "designated as Manager and holds the sole contractual authority to manage the business and affairs of Merge Well."  *Id*. Innovative Men's Health Solutions LLC (IMH) is a Washington limited liability company engaged in telehealth services.  *Id*. ¶ 17.  IMH is wholly owned by Merge Well.  *Id*.   And because IMH is Merge Well's wholly owned subsidiary, Plaintiff also exercises management authority over IMH through Mathematic.  *Id*. ¶ 18.  In summary, one entity controlled by Plaintiff, Blowdart, is a member of Merge Well; another entity controlled by Plaintiff, Mathematic, serves as manager of Merge Well (and of IMH), but is not a member.  Plaintiff says that IMH paid him $10,000 per month in "management compensation, reflecting his role and responsibilities as Manager."  *Id*.  Plaintiff also says that Defendant "holds no direct ownership interest in IMH" and was never the manager of IMH or Merge Well, but that any "operational tasks [Defendant] performed at IMH were performed at [Plaintiff's] discretion and subject to

[his] managerial authority." *Id.* ¶ 19.  From June 2024 through June 2025, IMH paid Plaintiff $10,000 per month in management compensation.  *Id.* ¶ 40.  Plaintiff says that, by July 2025, Defendant had "failed to pay" Plaintiff's $10,000 monthly compensation.  *Id.* ¶¶ 42, 45.  Plaintiff further says that Defendant made multiple statements referring to Plaintiff's $10,000 monthly compensation.  *Id.* ¶¶ 43–45.

Despite Plaintiff's putative management authority, says Plaintiff, Defendant apparently undertook a course of shady business dealings through IMH.  For example, on December 10, 2023, Defendant logged into IMH's bank account and wired $25,000 to an entity called OWNverse LLC, controlled by a nonparty.  *Id.* ¶ 25.  Defendant neither requested permission from Plaintiff as manager nor notified him about the wire.  *Id.*  Plaintiff says that Defendant "sent at least three financial update emails to [Plaintiff] and other stakeholders" during December, but did not disclose the $25,000 wire.  *Id.* ¶ 27.  Two years later, in November 2025, Plaintiff discovered the wire.  *Id.* ¶ 29.  Despite the foregoing, Plaintiff "does not seek personal recovery of the twenty-five thousand dollar OWNverse wire itself," since the funds belong to IMH, but offers it as an illustration of Defendant's unscrupulous pattern of conduct.  *Id.* ¶ 30.  Plaintiff also says Defendant took out an approximately $80,000 at a 62.5% interest rate for unknown purposes, dealing a serious financial blow to IMH.  *Id.* ¶¶ 34–38.  Despite the cash infusion from the loan, IMH began to stiff its vendors, all while Defendant continued to pay himself and his son.  *Id.* ¶ 38.

The parties' relationship reached a breaking point in October 2025.  Then, in the face of mounting company debts, Plaintiff filed a bankruptcy petition on IMH's behalf in the United States Bankruptcy Court for the Western District of Washington (case number 25-13896-CMA).  *Id.* ¶ 55.  But Plaintiff says that Defendant refused to provide detailed financial information necessary to proceed in the bankruptcy, and later, the bankruptcy court dismissed the case,

ORDER - 3

preventing any reorganization of IMH. *Id.* ¶ 56–57. Afterward, Defendant apparently filed a state court complaint "designed to remove [Plaintiff] as manager" of IMH. *Id.* ¶ 58. And beginning in July, Defendant also ceased paying Plaintiff. Plaintiff says he is owed at least $50,000 in management compensation, reflecting withheld payments from July to November 2025, *id.* ¶ 62.

On the foregoing facts, the complaint advances several claims for relief: Conversion (*id.* ¶¶ 67–71), fraud and fraudulent concealment (*id.* ¶¶ 72–77), breach of fiduciary duty (*id.* ¶¶ 78–84), tortious interference with contract and economic relations (*id.* ¶¶ 85–91), unjust enrichment (*id.* ¶¶ 92–96), and accounting (*id.* ¶¶ 97–101). Plaintiff also seeks declaratory relief that Plaintiff, acting through Mathematic, is the manager of Merge Well and IMH (*id.* ¶¶ 102–105) and injunctive relief to grant operational control of the various entities to Plaintiff (*id.* ¶¶ 106–109). Plaintiff alleges that he is entitled to $50,000 with interest reflecting lost management compensation under his conversion, breach of fiduciary duty, unjust enrichment, tortious interference, and unjust enrichment claims. *Id.* ¶¶ 110–112. He also seeks the same amount in "reconstruction and investigation costs," *id.* ¶ 10, and compensation for a range of speculative harms, such as "lost opportunities to take timely corrective action," "exposure to personal liability," "reputational harm," as well as compensation for his time spent investigating his claims. *Id.* ¶¶ 110–112. In all, Plaintiff says he seeks $200,000 "exclusive of interest, costs, and attorneys' fees, in an amount to be determined at trial." *Id.* ¶ 10.

Defendant now moves to dismiss the complaint, contending that this Court lacks subject-matter jurisdiction and that Plaintiff fails to state a claim. *See generally* Dkt. # 16; *see* Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6).

ORDER - 4

### III

### DISCUSSION

Defendant contends principally that Plaintiff does not assert his own injury, but that of an LLC. *See* Dkt. # 16 at 1–2. Accordingly, the LLCs must be added as necessary plaintiffs, which would vitiate diversity jurisdiction, since IMH and Merge Well possess Washington citizenship alongside Defendant. *Id*. at 2–3. Without diversity jurisdiction, the Court lacks subject-matter jurisdiction and must dismiss the complaint. *Id*. In the alternative, Defendant argues that Plaintiff fails to state a claim on each of the substantive claims that he brings. *Id.* at 4–7. Plaintiff asserts in his response brief that the injuries he alleged in the complaint are "direct personal injury" in the form of "withheld compensation owed directly to Plaintiff," among other putatively direct injuries. *See, e.g.*, Dkt. # 20 at 1, 7–9.

As described above, the theory that Plaintiff advances in his complaint principally concerns the compensation owed to the manager of Merge Well LLC. *See, e.g.*, Dkt. # 1 ¶ 10 (Plaintiff seeks "compensatory damages for at least $50,000 in withheld management compensation"). But according to his own complaint, Plaintiff is not the manager of Merge Well or IMH: Mathematic is. *See id.* ¶ 18. Mathematic, a Wyoming LLC, "is an entity distinct from its members," possessing the "capacity to sue and be sued in its own name." Wyo. Stat. Ann. §§ 17-29-104, 17-29-105 (West). While Plaintiff may control Mathematic, Wyoming law considers it separate from himself. And the operating agreement that Plaintiff submitted as part of his sur-reply confirms that it is Mathematic, not Plaintiff, that is the manager of Merge Well LLC. *See, e.g.*, Dkt. # 23-2 § 8.01 (operating agreement stating that the "initial Manager of the Company is/are the following individual(s) and/or entity(ies): MATHEMATIC MANAGEMENT" and specifying that the "Manager shall be entitled to compensation"), *id.* at 14 (signature page showing that the manager is Mathematic and that Plaintiff Williams is the authorized

ORDER - 5

representative).  The same is true for the claims based on the "$50,000 in reconstruction and investigation costs [and] additional damages arising from exposure to vendor debts and potential regulatory sanctions," *id.* ¶ 10, as well as the accounting claim and claims for declaratory and injunctive relief.  All these harms were apparently incurred by Mathematic as manager of Merge Well LLC, not by Plaintiff in his personal capacity.

Because the harm flows to Mathematic, it should be substituted as the plaintiff.  Under Rule 17, an "action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  Given the foregoing, Mathematic is clearly the real party in interest.  But the fact that Mathematic was not named as the plaintiff is not a basis to immediately dismiss the complaint.  *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.").  Accordingly, the Court is denying the motion to dismiss and giving Plaintiff reasonable time to substitute Mathematic.  *See Bank of New York Mellon v. Stafne*, 2016 WL 8738664, at *2 (W.D. Wash. Aug. 9, 2016) (granting motion to substitute real party in interest; rejecting the defendant's argument that the case should be dismissed for lack of subject-matter jurisdiction, as here); *see also Baker v. Nutrien Ag Sols., Inc.*, 2023 WL 4352658, at *6 (E.D. Cal. July 5, 2023) (granting leave to amend complaint to permit the plaintiff "to prosecute this case in the name of the real party in interest").  As part of the substitution motion (or amended complaint), Plaintiff must disclose Mathematic's LLC membership and citizenship of those members so that the Court may be satisfied of its jurisdiction.  *Cf. Vestar James Ctr., LLC v. Wings Boss LLC*, 2025 WL 104360, at *1 (W.D. Wash. Jan. 15, 2025) (ordering plaintiff LLC to show cause why the action should not be dismissed for lack of jurisdiction, since it did not disclose the citizenship of its members).

ORDER - 6

In this District, corporate entities may not appear pro se. *See* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."); *see also Prairie Star Nat'l Tr. v. Monsanto Co.*, 2020 WL 2046278, at *1–2 (W.D. Wash. June 7, 2022) (Estudillo, C.J.) (ordering unrepresented corporation to obtain counsel because "corporations[] must appear through an attorney") (citation omitted). Accordingly, the Court is staying the case to afford Plaintiff further time to find counsel to represent Mathematic.

## IV

### CONCLUSION

For the reasons above, the Court DENIES Defendant's motion to dismiss on jurisdictional grounds. Dkt. # 16. The Court GRANTS Plaintiff leave until July 13, 2026 to file either a motion to substitute Mathematic as the plaintiff or file an amended complaint naming Mathematic as the plaintiff. The Court STAYS this case until July 13, 2026. The Court DIRECTS the Clerk to terminate the other motions in this matter (Dkt. ## 24 & 30). If this case remains pending before the Court after the jurisdictional issues are resolved, Plaintiff may renew those motions, and Defendant may renew his arguments to dismiss under Rule 12(b)(6).

Dated this 28th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 7